## WOODWARD v. THE STATE OF INDIANA.

[No. 21,759. Filed December 6, 1910.]

1. STATUTES.—*Claiming Benefits of.—Pleading.—Evidence.*—Anyone claiming statutory benefits must allege and prove facts clearly bringing him within the statutory provisions. p. 744.

2. CRIMINAL LAW.—*Delay in Trial.—Discharge.—Proof Necessary.* —Under §2091 Burns 1908, Acts 1905 p. 584, §220, providing that "no person shall be held by recognizance to answer an indictment or affidavit, without trial, for a period embracing more than three terms of court, * * * but he shall be discharged unless a continuance be had upon his own motion, or the delay be caused by his act," the accused claiming a discharge, must prove that he was held by a recognizance in violation thereof, and a showing that he gave an appeal bond before a justice of the peace in taking his appeal is not sufficient, where the court overruled his motion for a discharge, the presumption being that such appeal bond was not continuing. p. 745.

3. CRIMINAL LAW.—*Presumption in Favor of Ruling of Trial Court.* —In the absence of an affirmative showing of error, the presumption is that the ruling of the trial court was correct. p. 745.

4. ILL FAME.—*Keeping House of.—Criminal Law.—Affidavit.*—An affidavit under §2357 Burns 1908, Acts 1905 p. 584, §460, for keeping a house of ill fame, is sufficient if it substantially follows the language of the statute. p. 745.

From Greene Circuit Court; *Charles E. Henderson,* Judge.

Prosecution by The State of Indiana against Jacob S. Woodward. From a judgment of conviction, defendant appeals. *Affirmed.*

*W. Ray Collins,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, E. M. White* and *W. H. Thompson,* for the State.

MONKS, J.—Appellant was convicted in the city court of Linton of the offense of keeping a house of ill-fame, in violation of §2357 Burns 1908, Acts 1905 p. 584, §460. Appellant appealed from said judgment to the court below, where the transcript was filed on February 6, 1909. Afterwards, at the February term, 1910, of said court, appellant filed a motion for a discharge on account of delay, under the provisions of §2091 Burns 1908, Acts 1905 p. 584, §220. The court ruled against appellant on said motion to discharge him. A trial of said cause resulted in a verdict of guilty and judgment thereon against appellant.

Appellant first insists that the court erred "in overruling his motion or application for a discharge" under §2091, *supra.* Said section provides that "no person shall be held by recognizance to answer an indictment or affidavit, without trial, for a period embracing more than three terms of court, not including the term at which a recognizance was first taken thereon, if taken in term time; but he shall be discharged unless a continuance be had upon his own motion, or the delay be caused by his act, or there be not sufficient time to try him at such third term; and, in the latter case, if he be not brought to trial at such third term he shall be discharged, except as provided in the next section."

It is well settled that when any one seeks the benefit of a statute he must, by allegation and proof, bring himself clearly within its terms. *Town of Windfall City v. State, ex rel.* (1910), *ante,* 311, and cases cited.

1.

It will be observed that no one is entitled to the benefit of said section unless he "has been held by recognizance to answer an indictment or affidavit" for the period mentioned in said section. The evidence given at the hearing of said application is in the record by a bill of exceptions, and it nowhere appears therein, or in the record proper, that appellant was held by recognizance for a period more than that allowed by said section.

On the contrary, it appears from the evidence that no recognizance whatever was given by or for appellant in the court below. True, it is recited in the "agreed statement of facts," set out in the bill of exceptions, that appellant "completed said appeal from the judgment of the city court" by filing his appeal bond, which bond was duly approved by the mayor of the city of Linton, *ex-officio* judge of the city court, but it is not shown or stated that it was a continuing recognizance, and there is no presumption that it was, as against the action of the court in overruling said application to discharge appellant, for the reason that all rulings of the court are presumed to be correct, unless the contrary is affirmatively shown by the record. Ewbank's Manual §5; Gillett, Crim. Law (2d ed.) §39, p. 35, §996.

It is clear therefore that there is nothing in the record showing that the action of the court in overruling said application was erroneous. In the absence of such a showing, the presumption is that the court did not err in overruling said application. Ewbank's Manual §5; Elliott, App. Proc. §710.

It is assigned as error and insisted by appellant that the affidavit is insufficient, because it does not charge a public offense. It has been held by this court that an affidavit or indictment under §2357, *supra*, is sufficient if it substantially follows the language of the statute. *Betts* v. *State* (1884), 93 Ind. 375, 376; *Graeter* v. *State* (1886), 105 Ind. 271, 273, and cases cited. See, also,

*Donovan* v. *State* (1908), 170 Ind. 123, 126–128, and cases cited; *State* v. *Bridgewater* (1908), 171 Ind. 1, and cases cited. Under this rule the affidavit was sufficient.

Finding no error in the record, the judgment is affirmed.