## MURPHY v. STATE OF INDIANA.

[No. 9,432. Filed March 10, 1916.]

APPEAL.—*Findings of Juvenile Court.—Form.—Sufficiency.*—The statute (§1635 Burns 1914, Acts 1907 p. 221) permits a less formal and technical procedure in the taking of appeals from the juvenile court than is customary in other proceedings; hence special findings from that court, though prefaced by the statement that "the evidence of the State showed the following facts", followed by findings of fact, including the fact that defendant had invited a

boy under the age of sixteen years into his saloon, gave him beer and permitted him to remain therein, were not objectionable as not being findings of facts but merely a statement of what was shown by the evidence on one side and, although the use of the words "evidence of the State" is to be condemned, the findings were sufficient to sustain the conclusion that defendant was guilty of contributing to the delinquency of a boy under the age of sixteen years, in view of the presumption indulged on appeal that the trial court performed its duty to consider all the evidence before it.

From Juvenile Court of Marion County (10,292a); *Frank J. Lahr*, Judge.

Prosecution by the State of Indiana against Martin J. Murphy. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Holmes & McCallister*, for appellant.

*Evan B. Stotsenburg*, Attorney-General, *Alvah J. Rucker, Horace M. Kean, Leslie R. Naftzger, Omer S. Jackson* and *Wilbur T. Gruber*, for the State.

IBACH, C. J.—This is an appeal from a judgment rendered against appellant for contributing to the delinquency of a boy under sixteen years of age. Appellant requested the judge to certify the facts of the case to this court in the form of a special finding of facts, and to state his conclusions of law thereon, for the purposes of appeal, under §1635 Burns 1914, Acts 1907 p. 221. The court prefaced its finding as follows: "The defendant in the above entitled cause having prayed an appeal from the judgment rendered against him in the juvenile court of Marion county, to the Appellate Court of Indiana, and having requested that the judge of said juvenile court make a special finding of facts in said cause, and certify the same, as is provided by law, the judge of said juvenile court does now make the following finding of facts in said cause, to wit: The evidence of the state showed the following facts: (1) That the defendant, Martin J. Murphy, was on or about July 27, 1915, the owner of a saloon

at No. 533 West Maryland Street, in the city of Indianapolis, Marion County, Indiana.  *  *  * (3) That during the evening of said day, while said defendant was in charge and control of said saloon, he, said defendant, requested and encouraged one Gordon Roe, a boy under the age of sixteen years, to enter and remain in said saloon." There are fifteen other findings of fact, upon which the court stated as a conclusion of law that the defendant was guilty of the offense of contributing to the delinquency of a boy under the age of sixteen years. The findings above set out are given merely to show generally the manner in which the court's findings were stated.

The assignment of error is the only one permitted under §1635 Burns 1914, *supra*, relative to appeals from the juvenile court, namely, that the decision of the court is contrary to law. Appellant's contentions are, "What purports to be the special finding of facts made up and certified by the judge of the juvenile court, is a mere recitation of the evidence introduced by the State," and, "There is no finding as to what the facts really were, but only a statement as to what was shown by the evidence on one side of the case. This is not sufficient." We are not disposed to agree with appellant's contention that the findings of the judge state evidence only, and not facts. The statute permits a less formal and technical procedure in the taking of appeals from the juvenile court, than is customary in other proceedings. The judge states that he "does now make the following finding of facts," to wit, "the evidence of the State showed the following facts." No objection could be made to the finding if this latter clause were omitted. But what effect is to be given it? It is merely equivalent to the judge's saying that the "evidence showed certain conditions, which I find to be facts, that is, to be actually existent."

If, for example, the judge had said that the 'evidence showed that Murphy gave Roe a glass of beer, this would have been merely the finding of evidence. *American Bonding Co.* v. *State, ex rel.* (1907), 40 Ind. App. 559, 82 N. E. 548. But when the judge said that the evidence showed the *fact* that Murphy gave Roe a glass of beer, this meant that it was established as a fact, as actually true.

The form of the special finding is not to be commended. The sentence "the evidence of the State showed the following facts," is wholly unnecessary. The use of the words "evidence of the State" is to be condemned. Findings of fact must be made from a consideration of all of the evidence in the case. The use of these words has caused appellant to argue that the judge considered only the evidence produced by the State. However, the evidence in this case has not been brought before us, and we have a right to presume that the court in the performance of its duty considered all the evidence before it, and that either the defense introduced no proof, or that if evidence was introduced by the defense it was not of such a character as to contradict the evidence of the State. In view of the record, we are not disposed to hold that the finding is so defective in form as to work a reversal of the judgment.

Although no question is raised as to the sufficiency of the facts found, beyond the objection as to the form of the finding, it appears that appellant invited a boy under sixteen years of age into his saloon, and gave him a glass of beer to drink, and permitted him to remain in the saloon for thirty minutes and to drink other glasses of beer bought for him by an adult companion. Section 1648 Burns 1914, Acts 1907 p. 266, enumerates among acts which constitute the offense of encouraging delinquency of a

child the permitting of a boy under sixteen years of age to enter and remain in a saloon where intoxicating liquor is sold.

It appears, therefore, that the facts found by the court were such as would support the judgment of conviction. Judgment affirmed.

NOTE.—Reported in 111 N. E. 806. As to sales of liquor to minor, see 12 Am. St. 354. As to validity, construction and effect of statutes regulating admission of minors to saloons, see 22 L. R. A. (N. S.) 1007. See, also, 4 C. J. 776; 3 Cyc 310; 38 Cyc 1980.