Patterson v. State—191 Ind. 224.

---

### PATTERSON v. STATE OF INDIANA.

[No. 23,941.   Filed October 25, 1921.]

1. CRIMINAL LAW.—*Venue.*—*Evidence.*—*Sufficiency.*—In a prosecution for violation of the Prohibition Act (Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918), evidence *held* sufficient to establish the venue.   p. 226.

2. INTOXICATING LIQUORS.—*Evidence.*—*Sufficiency.*—*Intent to Sell.*—In a prosecution for having possession of and for keeping and manufacturing intoxicating liquors with intent to sell it, in violation of prohibition laws, to sustain a conviction there must be some evidence in the record tending to show intent to sell the liquor.   p. 228.

3. CRIMINAL LAW.—*Appeal.*—*Review.*—*Sufficiency of Evidence.*—If there is no evidence to support the verdict or finding, or if there is no evidence to support any fact essential to the support of the finding and verdict, such finding or verdict is an error of law which may be reviewed and corrected in the Supreme Court.   p. 228.

From Marion Criminal Court (51,254) ; *James A. Collins,* Judge.

Prosecution by the State of Indiana against Frank Patterson.    From a judgment of conviction, the defendant appeals.   *Reversed.*

*James D. Ermstom,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

WILLOUGHBY, J.—The appellant was convicted by the criminal court of Marion county, Indiana, of violating the Prohibition Act, (Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918).

The affidavit was in five counts.  The defendant plead "not guilty."  The trial was by the court without a jury and a finding of guilty was made by the court and judgment rendered upon such finding, that the appellant be fined $100 and costs and be imprisoned for the period of thirty (30) days.  From this judgment, appellant appeals.

The questions arising upon the appeal grow out of the overruling of the motion for a new trial, and the specifications in such motion were:   First, the finding of the court is contrary to law, and second, the finding of the court is not sustained by sufficient evidence.

The appellant contends that the record fails to show any evidence or proof of the venue.   The caption of the affidavit is "State of Indiana, Marion County, City of Indianapolis."   The record discloses that the case was tried in the Marion Criminal Court of Marion county, State of Indiana.   The affidavit alleges that the crime was committed in the city of Indianapolis, in Marion county, State of Indiana.

Griff Marcey, a witness for the state, testified as fol-

lows: "I am a member of the police department of the city of Indianapolis. I know the defendant, Frank Patterson, when I see him. He lives at 338 N. Holmes Avenue. I was at his home about the 19th of September, 1920."

Another witness, on behalf of the state, testified: "I know the defendant, Frank Patterson. He lives at 338 N. Holmes Avenue. I visited his home on or about the 18th day of September, 1920."

The defendant testified in his own behalf, as follows: "My name is Frank Patterson. I am the defendant in this case. I am 24 years of age and live at 338 N. Holmes Avenue. I have lived in this city all my life. I lived at 338 N. Holmes Avenue on the 19th and 20th of September of last year. My mother lives in the city. I was born and raised here."

This evidence taken with other testimony in the case which shows that the offense committed by the defendant, if he committed any, was at his home, is 1. evidence from which the court would be justified in finding that the offense, if any was committed, was committed in the city of Indianapolis, Marion county, in the State of Indiana. See *Williams* v. *State* (1907), 168 Ind. 87, 79 N. E. 1079, and cases there cited. We think the venue was sufficiently proven.

The appellant contends that the evidence was not sufficient to support a finding upon either of the five counts of the affidavit.

The first count, after stating the venue to be in the city of Indianapolis, Marion county, State of Indiana, charges that Frank Patterson, on September 20, 1920, did then and there unlawfully furnish and dispose of intoxicating liquors, to wit: whiskey, wine and beer.

The second count charges that Frank Patterson did then and there unlawfully keep and have in his posses-

sion, intoxicating liquors, to wit: whiskey, gin, wine and beer with the intent then and there to sell, barter, exchange and give away and otherwise dispose of the same.

The fourth count charges that the defendant, Frank Patterson, did then and there unlawfully keep and manufacture intoxicating liquors, to wit: whiskey, gin, wine and beer, with the intent then and there to sell, barter, exchange and furnish the same to persons to the affiant unknown.

The third count charges that the defendant, Frank Patterson, did then and there, in the city, county and state aforesaid, unlawfully maintain and assist in maintaining a common nuisance, to wit: a room and place where intoxicating liquors were then and there kept for sale, barter and delivery, in violation of the laws of this state and where persons were then and there permitted to resort for the purpose of drinking said intoxicating liquors as a beverage, and said whiskey, gin, wine and beer was kept and used in maintaining said place.

The fifth count charges that the defendant, Frank Patterson, on September 20, 1920, did in the city and county aforesaid, then and there unlawfully receive intoxicating liquors, to wit: whiskey, gin, wine and beer from a carrier and did then and there unlawfully possess intoxicating liquors, to wit: whiskey, gin, wine and beer received from a carrier in this state.

In order to sustain a finding of guilty on the first count, there must be some evidence tending to show that the appellant unlawfully furnished or disposed of the intoxicating liquors as alleged in said count. No such evidence appears in the record.

In the second and fourth counts the intent to sell is a material averment in each of said counts and in order to sustain a finding of guilty on either of said counts,

there must be some evidence in the record tend-
2. ing to show such intent.   We find no such evi-
dence.

To sustain a finding of guilty on the third count, there
must appear some evidence tending to show that the
appellant unlawfully maintained or assisted in main-
taining a common nuisance as described in said count.
No such evidence appears in the record.

To sustain a finding of guilty on the fifth count there
must appear some evidence tending to show that the
appellant unlawfully received intoxicating liquors from
a carrier or unlawfully had in his possession intoxicat-
ing liquors which he had received from a carrier. There
is no such evidence in the record.

If there is no evidence to support the verdict or find-
ing, or if there is no evidence to support any fact essen-
tial to the support of the finding or verdict, then
3. such finding or verdict is an error of law which
may be reviewed and corrected in this court.
*Deal* v. *State* (1895), 140 Ind. 354, 39 N. E. 930; *Shular*
v. *State* (1903), 160 Ind. 300, 66 N. E. 746; Ewbank,
Criminal Law §582.

The evidence is not sufficient to sustain the finding of
the court and a new trial should be granted.

Judgment reversed with instructions to sustain ap-
pellant's motion for a new trial.

Myers, J., absent.