STONE *v.* STATE OF INDIANA

[No. 27,654. Filed May 12, 1942.]

*Carl Humble,* of Spencer, for appellant.

*George N. Beamer,* Attorney General, *Norman E. Duke,* Deputy Attorney General, and *Lee W. Kirkpatrick,* of Spencer, for the State.

FANSLER, J.—The appellant was convicted upon a charge of contributing to the delinquency of a child, and was sentenced to serve six months in the Indiana Woman's Prison, the maximum imprisonment provided by the statute. The conviction was in the Owen Circuit Court, acting as the Juvenile Court of Owen County. Certain questions as to the constitutionality of the statute under which the appellant was convicted are presented and require consideration, and therefore the appeal is properly taken to this court.

There were two counts upon which the appellant was convicted, the substantial parts of which were as follows:

First Count.

". . . Barbara Stone, being then and there an adult person, did then and there unlawfully commit acts and omissions which did then and there encourage and tend to cause a certain child, to wit, Katherine Frye, being then and there a child under eighteen (18) years of age, to be and to become a delinquent child, by then and there committing acts and omissions which encouraged and tended to cause the said Katherine Frye to

"1. Be wayward and habitually disobedient and uncontrolable by her parents in this to wit, by then and there encouraging said child to remain out all night from her home and with and in the presence of the said Barbara Stone and two (2) male persons.

"2. To be habitually truant from home by then and there encouraging said child to remain out and away from home all night in the presence of said Barbara Stone and two (2) male persons. . . ."

Second Count.

". . . Barbara Stone, being then and there an adult person, did then and there commit acts and omissions

which encouraged and tended to cause a certain child, Maxine Manley, being then and there under the full age of eighteen (18) years, to be and become a delinquent child by then and there counseling, encouraging and causing said child to ,

"1. Conduct herself as to injure and endanger the morals and health of herself, in this, to wit, by then and there giving to the said Maxine Manley a cigarette and encouraging her to smoke the same. . . ."

The prosecution is under section 18, chapter 233, Acts 1941, pages 902, 913, which provides: "It shall be unlawful for any adult to commit any act or omission which would in any way encourage or tend to cause any child to come within the provisions of this act or to counsel or encourage any child to commit any of the acts specified in Sec. 5, subsection A of this act. Any adult person so offending shall be guilty of a misdemeanor, and may be tried for such offense in the juvenile court, and, upon conviction, may be punished by a fine not exceeding five hundred dollars ($500) to which may be added imprisonment in the county jail or the Indiana State Farm or the Indiana Woman's Prison not exceeding six months, or both. . . ." By section 3 of the act (page 902) it is provided that: "The word 'adult' means a person eighteen years of age or older."

The appellant's motion to quash both counts of the affidavit was overruled. There was a trial by jury. The appellant's motion for a new trial was overruled.

Error is assigned upon the overruling of the motion to quash and the motion for a new trial. It has been concluded that the statute is unconstitutional upon one ground at least, and probably upon two, and that if constitutional the evidence is insufficient.

The age of the appellant is not disclosed by the evi-

dence, although it may be surmised that she was a young girl, and of the approximate age of eighteen years. The statute, if it is valid, applies only to adults. The affidavit would not state an offense unless it alleged, as it does, that the defendant is an adult. What must be alleged must be proven, and there is no proof of the appellant's age. The appellee contends that this was matter of defense, but it is not, and no authority is cited to sustain the contention.

The evidence is brief and without conflict. Under count one it is to the effect that the defendant and Katherine Frye, seventeen years old, came down town in the evening from Katherine Frye's home. They met two boys, went around town together, rode on a ferris wheel, and then went to a park. Barbara went home before eleven o'clock. Katherine stayed in the park with the boys until daylight, and then the boys went with her to her grandmother's. There is no evidence that Barbara, whose age is not disclosed, counseled or encouraged Katherine to remain out all night, or that she knew, or had reason to know, that Katherine intended to stay out all night, or that, knowing of such an intention, she had any power or influence to prevent it. This is clearly not sufficient to sustain the allegations of the first count of the affidavit.

On the other count, Maxine Manley testified that she was fourteen years old. She met Barbara, who asked her to go to a show. Barbara had cigarettes and offered Maxine one. Maxine took it and gave it away, and did not smoke it. There is no evidence that the defendant encouraged the smoking of the cigarette, as alleged in the affidavit, beyond giving it to Maxine, and to this extent the evidence is not broad enough to prove all that it was

deemed necessary to allege. But even if there had been evidence of encouragement to smoke a single cigarette, which would have made the proof conform to the affidavit, still, we do not think it would have been sufficient to establish an offense under the statute. In other words, the second count does not charge an offense. The statute does not condemn specific facts. It condemns any and all acts or omissions which are calculated to, or tend to, produce certain results. It seems clear, however, that it was not intended to cover and punish a single, isolated act of giving a cigarette to a minor. Section 10-802, Burns' 1933, § 2821, Baldwin's 1934, makes it unlawful to sell or give a cigarette to any minor. The penalty for the first offense is a fine of not less than $10 nor more than $50. For the second offense the fine is not less than $10 nor more than $500, to which may be added imprisonment not exceeding sixty days. This cigarette statute is not expressly repealed by the present law, nor is the offense of giving a cigarette to a minor so clearly included within the acts condemned by the present law to justify the conclusion that the former law is repealed by necessary implication. If it was the legislative intention to repeal the former law and make the present one applicable to the offense of giving a single cigarette to a minor, it must have been because the Legislature thought the much heavier penalty provided for in the present law is more appropriate to the offense. The history of our legislation concerning cigarettes does not sustain the view that there was any such intention.

The act which creates and defines the crime of which appellant was convicted is entitled, "An Act concerning juvenile courts." Section 19 of Article 4 of the Constitution of Indiana provides: "Every act shall embrace but one subject and matters

properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title." It is contended that the title to the act in question is not sufficiently broad to cover the section which creates and defines the crime charged. An examination of the act discloses that it is concerned principally with the establishment of juvenile courts and rules of procedure therein, and defining the court's jurisdiction. But at least two sections of the act are designed to affect adults by defining crimes and fixing punishment, and providing incidentally that juvenile courts shall have jurisdiction of prosecutions for such crimes. It would hardly be contended that the title, "An Act concerning circuit courts," would be broad enough to justify the inclusion of sections declaring, defining, and establishing all of the felonies and misdemeanors which are found in our statutes, most of which have been established in an act entitled, "An Act concerning public offenses," and if an act so entitled is not broad enough to cover sections defining all public offenses, we are unable to see how it can be broad enough to cover sections defining some public offenses or one public offense. At the time this statute was enacted there was in effect a statute making it a misdemeanor to encourage the delinquency of a child. Sections 9-2804, 9-2805, Burns' 1933, sections 5698, 5699, Baldwin's 1934. This statute was enacted in 1905 (Acts 1905, chapter 145, page 440). The act is entitled, "An Act defining delinquency in children, and providing for the punishment of any person responsible for, or in any way contributing to, the delinquency or other offenses of any child." There was also in effect chapter

298 of the Acts of 1937 (Acts 1937, page 1350), which is an amendment of an act approved March 10th, 1903, entitled, "An act providing for a juvenile court, providing for the appointment of probation officers, outlining their duties and specifying their compensation; providing a lawful method of procedure against juvenile delinquents, specifying places for their temporary and permanent detention, and the compensation for their care, providing for time and place of trial; providing that no destitute girl shall be sent to the industrial school for girls; providing for the approval of the board of state charities in certain contingencies; repealing laws inconsistent herewith, and declaring an emergency." It becomes apparent that, under the title, "An Act concerning juvenile courts," the Legislature has sought to deal with substantially all phases of the law concerning juveniles under a title which suggests a limitation to legislation concerning only the courts which deal with juveniles. Courts and their procedure are established for the purpose of enforcing remedies; they administer the law. Statutes creating and defining crimes are not mere incidents to the establishment of courts and court procedure. It might be more properly said, in respect to the criminal law, that the establishment of courts and procedure are incident to the substantive law creating crimes. A title, "An Act creating public offenses," might be broad enough to cover a provision fixing jurisdiction for the trial of offenders in certain courts, but we are unable to conclude that the title, "An Act concerning courts," is broad enough to cover a statute creating crimes or civil rights as distinguished from remedies. We are constrained to hold that the provisions of the act of 1941, making certain conduct on the part of adults criminal and punishable by fine and imprisonment, are

void for the reason that they are not within the scope of the title of the act. It follows that the similar criminal statues already on the books were not repealed by the act of 1941.

The appellant also contends that the statute is so vague and indefinite that it is impossible to determine with certainty what acts or omissions will offend against it. The act provides: "It shall be unlawful for any adult to commit any act or omission which would in any way encourage or tend to cause any child to come within the provisions of this act," and then it is further provided in the disjunctive, "or to counsel or encourage any child to commit any of the acts specified in Sec. 5, subsection A of this act." Considering the latter provision first and referring to section 5, subsection A, we find that it provides:

"The court shall have exclusive original jurisdiction in proceedings concerning any child living or found in the county:

"(1) Who has violated any law of the state or any ordinance or regulation of a subdivision of the state.

"(2) Who by reason of being wayward or habitually disobedient is uncontrolled by his parent, guardian, or custodian.

"(3) Who is habitually truant from school or home.

"(4) Who habitually so conducts himself as to injure or endanger the morals or health of himself or others."

The first part of the statute deals with "any act or omission which would in any way encourage or tend to cause any child to come within the provisions of this act." By section 5, children are brought within the provisions of the act when they lack proper parental care, or are neglected, or are in a disreputable place, or who associate with vagrant, vicious, or immoral

persons, or who are in an environment dangerous to life or limb, or injurious to the health or morals of themselves or others.

To construe the statute as literally intended to provide punishment by imprisonment for counseling or encouraging any or every isolated act, which ▮ *might tend in the slightest degree* to encourage conduct upon the part of a child which might bring it within the jurisdiction of the juvenile court, or within the provisions of subsection A of section 5, would result in punishing as a crime many acts or omissions so trivial in themselves that it cannot be rationally concluded that it was intended that they should be made criminal. There is nothing in the act to indicate where the line is to be drawn between trivial and substantial things. It must be left to the judgment of each trial judge who is required to pass upon the sufficiency of affidavits or indictments. Such a statute is clearly bad for uncertainty. See authorities collected in the concurring opinion of Roll, J., in *Lanham et al.* v. *State* (1935), 208 Ind. 79, 86, 195 N. E. 73. The provisions defining crimes affecting adults are severable, and do not affect the constitutionality of the remainder of the statute.

Judgment reversed, with instructions to sustain the motion to quash as to all counts of the affidavit.

NOTE.—Reported in 41 N. E. (2d) 609.