STATE *v.* BECKWITH ET AL.

[Nos. 28,232-28,234. Filed September 24, 1947.]

*Sherwood Blue,* Prosecuting Attorney, 19th Judicial District, *Jamés A. Emmert,* Attorney General, *Frank E. Coughlin,* First Assistant Attorney General, *Saul I. Rabb* and *Frank X. Haupt,* Deputy Prosecutors, for the State.

STARR, J.—These three appeals were consolidated by this court for briefing and the parties to them have briefed them as one based upon the transcript in No.

28232. By leave of this court a single transcript of the evidence was filed since the hearings in the trial court were had simultaneously. The evidence was the same in all three cases and one judgment was rendered below by the special judge sustaining the several motions for discharge upon the indictments in these three cases. It is from the sustaining of these motions that this appeal is taken.

These cases, in the Marion Criminal Court, were numbered 74577, 74578, and 74579 respectively, and were begun by the return of an indictment, in said court, in each of them on July 2, 1941, which was the Wednesday before the July Term began on the following Monday. The several motions for discharge, except the motion of Thomas E. Ross, were filed May 5, 1943, and his was filed on May 6, 1943.

Each of the motions to discharge was based upon § 9-1403, Burns' 1942 Replacement, which reads as follows:

> "*Discharge for delay in trial—Defendant on bail.* —No person shall be held by recognizance to answer an indictment or affidavit without trial for a period embracing more than three (3) terms of court, not including the term at which a recognizance was first taken thereon, if taken in term time; but he shall be discharged unless a continuance be had upon his own motion, or the delay be caused by his act, or there be not sufficient time to try him at such third term; and, in the latter case, if he be not brought to trial at such third term, he shall be discharged, except as provided in the next section."

It will be noted that the above statute only contemplates a discharge of persons who are held by recognizance. There was a total failure of proof on the part of the appellees that they, or any of them were arrested and let to bail in any of

these cases at any time during the term that these indictments were returned. In fact, the evidence upon which the court ruled shows conclusively that none of the appellees were ever arrested and that only two of the appellees, namely, Thomas E. Ross and Phillip L. Early were held by recognizance in any of the cases. As to these two the record and evidence conclusively shows that each of them filed their recognizance in only one case, namely, Cause No. 74577 in the Marion Criminal Court being Cause No. 28232 in this court. The recognizance of the said Ross was filed in the January Term of 1942, to-wit: June 16, 1942, and that of Early at the July Term, 1941, to-wit: October 3, 1941. Three terms had not run for either of these appellees at the time his motion for discharge was filed.

It was incumbent on the appellees to show by allegation and proof that they came clearly within the terms of the statute above set out. *State* v. *Beckwith* (1944), 222 Ind. 618, 57 N. E. (2d) 193; *Woodward* v. *State* (1910), 174 Ind. 743, 93 N. E. 169. Where it appears from the record and the evidence that no recognizance whatever was given by the appellees in the court below, they are not entitled to a discharge under the above quoted statute. *Woodward* v. *State, supra*. As to Philip L. Early and Thomas E. Ross, from the facts as above set out, we must conclude that their motions for discharge in said Cause No. 74577 were each prematurely filed.

The appellees have placed much stress upon the fact that each of them was named as a defendant in an indictment returned in the Marion Criminal Court on June 20, 1941, in Cause No. 74552 of that court (which was *nolle prossed* on June 16, 1942), and that each of these defendants was recognized to appear to this indictment at the time of its return.

The appellees contend that this indictment was on the same facts, and this being the situation, no further bonds or bail were required or necessary when the indictments were returned in the cases involved in this appeal. With this contention we cannot agree. The giving of bail bond in Cause No. 74552 could under no circumstances be considered as tantamount to the letting of the appellees to bail in the cases now under consideration. The recognizance bonds given in Cause No. 74552 were to guarantee an appearance in that case and in no other.

The judgment is reversed and the trial court is hereby ordered to proceed to trial in each of the cases herein involved.

Emmert, J., not participating.

NOTE.—Reported in 74 N. E. (2d) 742.