## RHOADES *v.* STATE OF INDIANA

[No. 28, 454. Filed March 18, 1949.]

*Elmer Q. Lockyear, Theodore Lockyear, James D. Lopp,* all of Evansville, for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, *Merl M. Wall,* Deputy Attorney General, for appellee.

GILKISON, J.—Appellant was charged by affidavit in the Vanderburgh Circuit Court with bringing stolen property from the State of Kentucky into Vanderburgh County, Indiana. Omitting caption, signature, verification and approval, the affidavit is as follows:

> "Alton Cherry being duly sworn upon his oath says that Orion Arval Rhoades on or about the 26th day of April, A.D. 1947, at said County and State as affiant verily believes did then and there unlawfully and feloniously take, steal and drive away one Model 'M' Farmall Tractor, the personal goods of Leo Vogt of the value of Fifteen Hundred Dollars ($1500.00), in Henderson County, State of Kentucky, and did then and there bring the said Model 'M' Farmall Tractor into Vanderburgh County, State of Indiana, then and there being contrary to the form of the Statute, in such cases made and provided, and against the peace and dignity of the State of Indiana."

The affidavit is based upon § 10-3003, Burns' 1942 Replacement, as follows:

> "Every person who shall feloniously steal, take and carry, lead or drive away the personal goods

of another, in any other state or territory of the United States or any foreign country, and shall bring the same into this state, may be convicted and punished in the same manner as are persons convicted and punished for larceny committed in this state; and, in every such case, such larceny may be charged to have been committed in any county of this state into or through which such stolen property shall have been brought. If the goods so stolen be of the value of twenty-five dollars ($25.00) or more, the charge, conviction and punishment shall be as for grand larceny; and if the goods stolen be of the value of less than twenty-five dollars ($25.00), such charge, conviction and punishment shall be as for petit larceny."

By a motion to quash based on statutory grounds appellant questions the sufficiency of the affidavit and the constitutionality of the statute upon which it is based. In addition to a plea of not guilty appellant filed a written plea of former jeopardy, and a plea of *res judicata,* the latter two pleas being based upon an indictment brought in the United States District Court for the Southern District of Indiana, and which was dismissed by that court, on the written motion of the appellant, before any plea was entered.

The cause was tried by jury. Appellant introduced no evidence. By its verdict the jury found appellant guilty as charged. From a judgment on the verdict, this appeal is taken.

A motion for new trial, timely filed, questioned the correctness of each of the court's instructions from 1 to 12 inclusive, the overruling of appellant's motion for a directed verdict, that the verdict is not sustained by sufficient evidence, and is contrary to law. By proper assignment of error these questions are presented on this appeal.

We shall consider only the last cause in the motion for new trial—that the verdict is contrary to law.

There is evidence in the record that the tractor described in the affidavit was stolen from the owners, Vogts—of whom Leo Vogt was one—about April 26, 1947, in Henderson County, Kentucky. On the morning of April 27, 1947, appellant parked the stolen tractor near the home of J. L. Riney in Daviess County, Kentucky, and on the morning of April 28, 1947, appellant, under the assumed name of J. E. Reed, after some negotiating, sold this tractor to Mr. Riney at the latter's farm in Daviess County, Kentucky, for $1,200. These facts unexplained may be sufficient to establish the crime of larceny in either county named, in the State of Kentucky. But these facts alone would not give the State of Indiana jurisdiction of the offense. To give the court below jurisdiction to try appellant there must be evidence in the record sufficient to show, as alleged in the affidavit, that he (appellant) "did then and there bring the said Model 'M' Farmall Tractor into Vanderburgh County, State of Indiana." It is knowingly bringing the stolen property into Vanderburgh County, Indiana that would constitute an offense under our law, and would give the trial court jurisdiction to try appellant. The sole evidence on this proposition most favorable to appellee, and which we accept as true with all proper inferences that may be drawn therefrom, is by one Walls, a state policeman, who testified in substance, that on the night of April 26, 1947, he saw appellant with a tractor parked on Water Works Road at a barbecue stand in Vanderburgh County, Indiana. He asked appellant where he was going and "He said he was going over in Dade Park and pull a friend out of a ditch." The witness said he did

not know what type tractor it was, and would not say it was a Farmall tractor, but it was a large farm tractor.

From this evidence could the jury lawfully infer that the tractor appellant had at the barbecue stand on the night of April 26, 1947, was the Model "M" Farmall tractor described in the affidavit? We recognize the rule that it is only where there is an absolute failure of evidence to sustain the verdict on a material point that this court will reverse the judgment for the want of sufficient evidence. *Siebert* v. *The State* (1884), 95 Ind. 471, 479; *Dolke* v. *The State* (1884), 99 Ind. 229, 230; *McCarty* v. *The State* (1891), 127 Ind. 223, 224, 26 N. E. 665; *Felton* v. *The State* (1894), 139 Ind. 531, 533, 39 N. E. 228; *Partlow* v. *State* (1929), 201 Ind. 207, 212, 166 N. E. 651.

But it is also true that the record must contain some evidence to prove each essential element of the offense charged in the affidavit; and if it does not, the judgment will be reversed. *Robertson* v. *State* (1934), 207 Ind. 374, 380, 192 N. E. 887. If there is no evidence to support any fact essential to sustain the verdict, the verdict is an error of law which may be reviewed on appeal. *Deal* v. *The State* (1895), 140 Ind. 354, 359, 39 N. E. 930; *Bischof* v. *Mikels et al.* (1897), 147 Ind. 115, 117, 118, 46 N. E. 348; *Patterson* v. *State* (1921), 191 Ind. 224, 228, 132 N. E. 585. *Robertson* v. *State, supra.* Of course this court will not attempt to weigh the evidence. That duty is solely for the trial jury and trial court. But as the issues are presented in this appeal it becomes our duty to determine whether from the evidence heretofore cited herein, which is all the evidence in the record on the subject, there is any evidence or any proper inference that can be drawn from the evidence to establish that appellant brought the Model "M"

Farmall Tractor into Vanderburgh County, Indiana, as charged in the affidavit. We do not think this evidence proves that he did, nor that any reasonable inference can be drawn from this evidence on that proposition, to support the verdict rendered. For this reason the verdict is contrary to law, and the cause must be reversed.

In this situation it is not necessary that other alleged errors should be considered.

The judgment is reversed with instructions to sustain the motion for new trial.

NOTE.—Reported in 84 N. E. 2d 583.