WATSON *v*. STATE OF INDIANA.

[No. 29,234.   Filed April 14, 1955.]

*Rufus C. Kuykendall* and *Patrick E. Chavis, Jr.,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling,* and *John J. McShane,* Deputy Attorneys General, for appellee.

BOBBITT, J.—Appellant was charged by indictment under Acts 1941, ch. 148, §3, p. 447, being §10-4201, Burns' 1942 Replacement, with the offense of rape, tried by the court, and found guilty of assault and battery with intent to commit a felony, to-wit: Rape. Upon proper motion therefor a new trial was granted. He was again tried, found guilty of the same offense, and sentenced to the Indiana State Prison for not less than 1, nor more than 10 years. This appeal followed.

The sole question presented is the sufficiency of the evidence to sustain a conviction for assault and battery with intent to commit rape.[1]

When the sufficiency of the evidence is questioned we do not weigh the evidence, but will examine the

---

1. This offense is included within the statutory definition of rape. *Gunderman* v. *State* (1935), 207 Ind. 515, 191 N. E. 338.

record most favorable to the appellee to determine if there is any evidence of probative value, or any legal inference, which may be properly drawn therefrom which, if believed by the trier of the facts, would sustain the verdict or decision. *Mattingly* v. *State* (1952), 230 Ind. 431, 104 N. E. 2d 721.

The record here when so considered discloses:

That the prosecuting witness had known appellant for approximately one year; that she lived in one side of a double house and appellant and his family lived in the other side; that she met appellant on the night of the alleged crime in an eating place on Northwestern Avenue in the city of Indianapolis where she and a girl friend were eating. Appellant asked them if they wanted a "cab." That they got into the "cab" (driven by appellant) and appellant first took the girl friend home and then drove out north of Crown Hill Cemetery to Forty-second Street near Northwestern Avenue (State Road 421), where he "slowed down" and the prosecuting witness got out of the car. Concerning what then happened, she testified as follows:

"A. Yes, and when I got out he went up the road and turned around and came back and started beating me and made me get back in the car and when I told him I got to go to the bathroom, and when I gets out, he gets out and runs around the car and started hitting me in the face and pushes me beside the car and then he attacked me and had intercourse with me, and then he got up and started beating me again and made me get in the car and had intercourse with me again.

• • • •

"Q. I believe you said these attacks were against your will?

"A. Yes, they were.

"Q. And the facts you've testified to here all

occurred in Marion County, Indiana, on or about the 23rd day of June, 1953?"

The record further shows that the prosecuting witness then got out of the car and went out to the state highway where she hailed a passing car which took her to 30th Street, from where she walked to the 2600 block on Illinois Street. There she saw and hailed a police car and told the police what had happened. The policeman testified that she was "hysterical and crying" and "had some red welts on her face and forehead, like she had been slapped or beaten." She then directed the policemen to the scene of the alleged crime where they found appellant asleep in the rear seat of his car. There were other circumstances which support the evidence as above recited, but we deem it unnecessary to burden this opinion with a statement of them.

When the evidence here, together with all proper inferences which the trial court might have drawn therefrom, is considered as whole, there is sufficient evidence to sustain the conviction herein, and the decision of the trial court is not contrary to law.

Judgment affirmed.

Henley, C. J., not participating.

Emmert, Achor and Levine, JJ., concur.

NOTE.—Reported in 125 N. E. 2d 793.