ROYAL L. PEARSON *v.* STATE OF INDIANA.

[No. 570S113. Filed September 21, 1971.]

*Hall Cochrane,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter E. Bravard,* Deputy Attorney General, for appellee.

ATERBURN, C. J.—Appellant was charged, by indictment, with the crime of Assault and Battery with the Intent to Commit the Felony of Rape. Appellant waived jury trial and was found guilty by the court and sentenced to an indeterminate period of not less than one [1] nor more than ten [10] years.

The record discloses that on the 14th day of May, 1969, a thirteen year old girl accompanied by two young friends, visited the home of appellant to obtain advice on the purchase of a paint roller. Appellant then went with the group to a hardware store to buy a paint roller. Upon returning the thirteen year old girl and one of her friends went onto the porch of appellant's house where they stood talking for awhile with appellant's landlady and wife.

Appellant went into the house and shortly thereafter called for the girl to come in also. Inside the house she found him in the bedroom, sitting on the bed. He told her to come and get the paint roller he was holding out. When she moved closer to him, he grabbed her and pulled her over to the bed. She yelled but no one came to her assistance. As he began taking her clothes off, she resisted and he started to choke her.

He took off her hose and panties and unzipped his pants, exposing his penis. She began crying as she continued with her resistance. Appellant then went over to the dresser and took out a gun. He proceeded back to the bed and continued his attempts at sexual intercourse touching his penis to her vagina but without penetration. During this time the young girl continued to cry loud enough to be heard on the porch. While appellant was attempting intercourse, the girl's companion, who had waited behind on the porch, came into the bedroom and interrupted the attack, causing the appellant to stop. Appellant told the boy to leave which he did, telling the landlady on the porch that appellant had told him to go out. Appellant was alone with the girl in the house for about ten minutes.

After dressing, the young girl left the house, crying and visibly upset. She went directly home and told her mother of the events and they went to the police station. The girl positively identified appellant in the courtroom.

Appellant presents to this court two contentions of error. His first contention is that the state failed to present sufficient evidence of probative value to result in a conviction. He questions both the sufficiency of the evidence and the credibility of the prosecuting witness. In reviewing this allegation the court will adhere to the following rule. This Court will not weigh the evidence nor resolve the questions of credibility, but will look to the evidence most favorable to the State and the reasonable inferences therefrom which support the verdict of the trial court or jury. *Washington* v. *State* (1971), 257 Ind. 40, 271 N. E. 2d 888; *Davis* v. *State* (1971), 257 Ind. 46, 271 N. E. 2d 893; *Grimm* v. *State* (1970), 254 Ind. 150, 258 N. E. 2. 407; *Sharp* v. *State* (1970), 254 Ind. 150, 258 N. E. 2d 407; *Sharp* v. *State* (1970), 254 Ind. 435, 260 N. E. 2d 593; *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558; and *Langley* v. *State* (1968), 250 Ind. 29, 232 N. E. 2d 611. A conviction must be affirmed, if having applied the above rule, there is evidence of probative value, from which

the trier of facts could reasonably infer that appellant was guilty beyond a reasonable doubt. *Gann* v. *State* (1971), 256 Ind. 429, 269 N. E. 2d 381; *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. Viewing the evidence most favorable to the State, we are compelled to conclude that there was sufficient evidence to support the verdict of the trial court.

Appellant's second contention is that the decision of the lower court is contrary to law because he failed to receive a fair and impartial trial as required by due process and the equal protection clause (equality under law) as applied to the sentence imposed and the jurisdiction of the court.

Appellant was charged and convicted under Burns (1969 Supp.) § 10-401 which provides as follows:

"Whoever perpetrates an assault or assault and battery upon any human being with intent to commit any felony other than felonious homicide, shall, on conviction, be imprisoned in the state prison for not less than one [1] nor more than ten [10] years." [Acts 1905, ch. 169, § 352, p. 584; 1927, ch. 203, § 2, p. 580; 1959, ch. 121, § 7, p. 321.]

The felony which the trial court found appellant was trying to commit is set out in Acts 1941, ch. 148, § 3, as found in Burns (1956 Repl.) § 10-4201, which describes the crime of rape, in pertinent part, as being:

"Whoever has carnal knowledge of a woman forcibly against her will, or of a female child under the age of sixteen [16] years; . . . . , is guilty of rape, . . . "

Appellant erroneously contends that the rape statute has not been construed to include the offense of assault and battery with intent to commit a felony, to-wit: rape. It is the law in this state that a charge of rape of a female child under the age of sixteen [16] years also includes a charge of assault and battery with intent to commit a felony. *Watson* v. *State* (1955), 234 Ind. 239, 125 N. E. 2d 793; *Caudill* v. *State* (1946), 224 Ind. 531, 69 N. E. 2d 549.

Appellant further contends that his sentencing of one to ten years to the state reformatory does not comply with the constitutional requirement of rehabilitation but would appear to be purely vindictive justice and cruel and unusual punishment for a person needing medical rehabilitation. Appellant bases this contention on the facts that he had previously presented to the trial court a plea of not guilty by reason of insanity and a petition to be adjudged a Criminal Sexual Psychopath. In both instances a hearing was held and doctors were appointed by the court to examine the appellant. The doctors concluded that he did not lack comprehension sufficient to understand the nature of the criminal action against him nor was he a Criminal Sexual Psychopath. At the time of trial appellant pleaded not guilty by reason of insanity. After all the evidence was presented, appellant withdrew his plea of insanity. We therefore find no merit in appellant's contention that the sentence constituted a cruel and unusual punishment.

Judgment of the trial court is affirmed.

All judges concur.

NOTE.—Reported in 273 N. E. 2d 100.