GRAY *v.* STATE OF INDIANA.

[No. 567S5. Filed February 6, 1968.]

*Walter C. Dietzen,* of Anderson, for appellant.

*John J. Dillon,* Attorney General, and *Dennis J. Dewey,* Deputy Attorney General, for appellee.

MOTE, J.—Appellant was charged with and convicted of contributing to the delinquency of two juveniles on or about August 12, 1966 when he "did knowingly contribute to the delinquency of minors, to-wit: Paula Griffin, age 17 years and Cindy Perry, age 17 years, by then and there permitting said juveniles to be away from their homes and on the streets

after the curfew hour of 11:00 P.M. without the consent of their parents and by furnishing them alcoholic beverages."

On a plea of not guilty, the cause was tried to the special judge, without the intervention of a jury, after which the matter was taken under advisement. On January 26, 1967, there was a finding of "guilty," whereupon Appellant was sentenced to serve six (6) months in the Madison County Jail. On the same date, Appellant was released from custody upon the filing of an appeal bond. A Motion for New Trial was filed and overruled, resulting in this appeal.

Appellant asserts herein that reversible error was committed by the trial court in overruling his Motion for New Trial. He bases his contention upon the insufficiency of the evidence to the extent that his conviction is contrary to law. He says specifically:

"(a) That the evidence fails to show that this defendant in any way knowingly encouraged or contributed in any way to cause any minor child to become a delinquent child or to violate any law of this state or ordinance of the City of Anderson, State of Indiana, or encourage or contribute in any way to cause any minor child to be guilty of any vicious or immoral conduct."

In answer to Appellant's contentions, the Appellee sets forth the well known rules by which this Court is guided in the consideration of the evidence and the credibility of witnesses on an appeal from convictions. It then sets forth its version of the testimony, ascribing thereto its meaning in a manner conclusive of a favorable determination to the validity of the judgment. We find, however, that the assumption on the part of the Appellee in this respect is not readily induced.

The record herein discloses that one of the three girls, Donna Otis, apparently at least 18 years of age, was the organizer of a "party"; that she paid for two cases of beer and, after various peregrinations and sallies forth, the three girls arrived at an apartment, consisting of two bedrooms, a

living room and kitchen, where three men maintain their residence. It is obvious that at least some of these men had entertained their "dates" in the said apartment by listening to records, etc.; that they either had left or were leaving to take their "dates" home when Miss Otis, with the beer and the other two girls, came to the said apartment, apparently making themselves "at home"; at least we do not find in the record that an invitation was extended to them. Arrival was some time between 11:00 P.M. and midnight. Appellant soon came to the apartment, but left to get "his girl" and the two of them soon returned, where they remained for a short time— ten to thirty minutes, perhaps. It may be true that Appellant assisted Miss Otis in acquiring the beer, but it appears that when purchased, it was placed in the automobile of another person and, when they became alarmed about some police officers looking them over, the beer was "ditched," later to be retrieved by Miss Otis and the two girls who brought it to the said apartment under the circumstances above related. The word that there was to be a party must have been circulated rapidly, as ten to fifteen boys came to the party. It may well be that the girls were told by someone about midnight to get out of the apartment. In fact, it appears that they did leave to find that there was a mixup in transportation facilities and that such facilities were unavailable, so they returned to the apartment, where they spent the rest of the night variously watching television, playing the recorder and engaging in small talk. Beer was consumed by the girls during the night, but there is no record that Appellant gave or served it to either Paula Griffin or Cindy Perry. So far as we can ascertain, the only active connection Appellant had with the girls is the possibility that he may have been helpful in assisting Miss Otis in the acquisition of beer which, in the manner set forth above, was brought to the apartment by Miss Otis, accompanied by the two 17 year old girls.

The evidence presented herein falls far short of the reasonable establishment of a crime and particularly knowledge-

able contribution to the delinquency of minors in the inducement to violate the curfew law and the consuming of alcoholic beverages.

The evidence indicates that Paula Griffin and Cindy Perry, each 17 years of age, together with the inducement of Donna Otis, were bent upon flexing their muscle and the unwarranted and unreasonable exercise of freedom while away from home. Appellant was not apprised of the age of Paula and Cindy, although he might have been able to guess that they were less than 18 years of age. There is no record of Appellant's age.

For one to be guilty of the charge here before us, we consider that more than mere presence of the Appellant is required. To satisfy the statutes, we suggest that the contribution must be of an inducive effect; that there must be knowledgeable effort of at least a passive nature which reasonably can be said to be an enticement to do wrong, that is, do the thing prohibited.

We cannot, and we do not, approve of beer parties which involve minors, nor do we approve of "all night parties" attended by minors, but we find no evidence which even suggests that Appellant actively participated in knowingly arranging said party or that he participated in the inducement to consume beer.

The judgment is reversed.

Lewis, C. J., Arterburn and Jackson, JJ., concur.

Hunter, J., not participating.

NOTE.—Reported in 233 N. E. 2d 468.