HUEY REEVES *v.* STATE OF INDIANA.

[No. 1-374A47. Filed August 14, 1974.]

*Steven L. Harris, Harris & Currens,* of Mooresville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Reeves challenges the sufficiency of the evidence to sustain his conviction of contributing to the delinquency of a minor by knowingly causing or encouraging the minor to use or possess an alcoholic beverage, to-wit: beer.

Initially, it must be emphasized that we may not weigh evidence or resolve questions of credibility of witnesses. Our review is confined to an examination of that evidence most favorable to the State, together with all reasonable inferences to be drawn therefrom, to determine whether there is substantial evidence of probative value from which the trier of fact could have inferred appellant's guilt beyond a reasonable doubt. *Hubble* v. *State* (1973), 157 Ind. App. 684, 301 N.E.2d 396; *Capps* v. *State* (1972), 258 Ind. 565, 282 N.E.2d 833.

The evidence most favorable to the State reveals that on March 26, 1973, a sixteen year old boy was assisting in the digging of a ditch at the residence of appellant's mother. Upon completion of this project, appellant telephoned the minor's parents and informed them that they were going to a show.

During that afternoon, appellant gave his older brother six dollars to obtain a case of beer. Pursuant to this request appellant's brother purchased the beer and left it at the end of a gravel path leading to the Reeves' residence.

Appellant, accompanied by the minor, retrieved the beer and placed it in the garage at the home. It then appears that a party of sorts developed with various persons coming and going during the course of the evening. The minor remained

on the premises until approximately 1:00 A.M. and consumed fifteen to sixteen beers, according to his estimate. While it appears that appellant was not continually present at the party, it is uncontroverted that the minor drank in his presence. There is no evidence that appellant verbally encouraged the minor to drink. However, the evidence most favorable to the State reveals that appellant took no steps to discourage or halt the minor's drinking.

At approximately 1:00 A.M., appellant's older brother returned to the Reeves' residence, and finding the minor in an apparent drunken state, promptly took him home.

Appellant submits that the evidence is insufficient to sustain a finding that "he caused or encouraged" the minor to use the alcoholic beverages. See, IC 1971, 35-14-1-1, Ind. Ann. Stat. § 10-812 (Burns 1956), and IC 1971, 31-5-7-4 (Burns Code Ed.). We cannot agree.

Addressing this question in *Wedmore et al.* v. *State* (1956), 235 Ind. 341, 133 N.E.2d 842, our Supreme Court stated:

"In determining whether appellants by 'wilful act' 'encourage(d)' these minors to 'use(s) intoxicating liquor as a beverage,' (§§ 10-812, *supra,* 9-3204(14) *supra*) all the positive and purposeful acts of appellants which *combined* to so encourage the minors must be considered. And contrary to appellants' contention for the evidence to be sufficient to sustain the specific criminal offense, it was not necessary to prove that appellants actually handed the liquor to the girls or asked them to drink it. Rather, the ultimate fact of encouragement is not limited to the direct, positive acts of giving, inviting or urging, as contended. The phrase 'to encourage' involves the creation of the state of mind. It is true that this may be accomplished by the acts of giving, inviting or urging referred to by appellants. However, the effect is obviously not limited to such acts. Webster defines the word *encourage* as 'To embolden, incite or induce, . . .' It therefore necessarily follows that any and all of the purposeful acts of the appellants which emboldened, incited or induced these minor girls to become delinquent by drinking intoxicating liquor as a beverage combined to constitute the criminal offense." (Original emphasis.)

In that case, appellants picked up certain minor girls under the false representation to the father of one of them that they were being taken to a place to baby sit. Instead, appellants told the girls they were going to dance and have a party, and drove to Michigan where they purchased two cases of beer. Appellants then staged a party in their apartments at which the minor girls consumed beer. The court found appellants' acts to be of sufficient force and effect to "encourage" the minor girls to "use intoxicating liquor as a beverage."

Appellant directs our attention to *Gray* v. *State* (1968), 249 Ind. 523, 233 N.E.2d 468. In that case, the appellant apparently assisted a person of at least eighteen years of age in the acquisition of two cases of beer. Subsequently, this person, accompanied by two seventeen year old girls, arrived uninvited at an apartment where three men maintained their residence and proceded to have a party. At some point, appellant arrived at the apartment, but then left to get "his girl." Thereafter appellant returned to the party with his date, but they stayed only a short time.

In reversing appellant's conviction of contributing to the delinquency of the two seventeen year old girls the court emphasized that there was an absence of evidence suggesting that appellant actively participated in knowingly arranging the party or inducing the minors to consume the beer.

In our opinion Reeves' reliance on *Gray* v. *State, supra,* is misplaced. The facts of the instant case align more closely with those in *Wedmore* v. *State, supra.*

Herein, appellant procured the alcoholic beverage through the aid of his older brother and arranged for its delivery. The minor accompanied appellant as he transported the beverage from its delivery point to the garage where it was consumed. A party ensued at which appellant drank in the presence of and with the minor. These events took place after appellant had made false representations to the minor's parents concerning their child's activities.

In our opinion the trier of fact could have reasonably found

244

that appellant's acts combined so as to encourage the minor to use the alcoholic beverage. Appellant attempts to focus our attention to testimony that he took positive steps to discourage the minor from consuming the beverage. Such, however, is not the evidence most favorable to the State. While it is true that the evidence stops short of establishing that appellant actually handed a beer to the minor and verbally requested that he drink the same, such a showing clearly is not necessary to sustain appellant's conviction. See, *Wedmore* v. *State, supra.*

The judgment must be and is hereby affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 315 N.E.2d 397.